ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 JUL -8 PM 3:42
CLERK
SO. DIST. OF GA.

PHILIP KEEN, JR., and all other  \*
persons similarly situated,      \*
                                 \*
    Plaintiff,                   \*
                                 \*
v.                               \*  CIVIL ACTION NO.
                                 \*  CV 315-030
JUDICIAL ALTERNATIVES OF         \*
GEORGIA, INC.                    \*
                                 \*
    Defendant.                   \*

## ORDER

On April 28, 2015, Defendant Judicial Alternatives of Georgia, Inc., filed a motion to dismiss the captioned matter. Plaintiff filed a response, and Defendant filed a reply brief on June 24, 2015. Eight days later, Plaintiff filed a "Surrebuttal Brief in Opposition to Motion to Dismiss," which the Court will refer to as the sur-reply.

Presently, Defendant moves to strike the sur-reply on two grounds: 1) Plaintiff did not seek leave of court to file a sur-reply and did not file notice of his intent to do so; and 2) the sur-reply contains new argument beyond the scope of Defendant's reply brief as well as information that is "flagrantly incorrect." (Doc. No. 42, at 2.) Alternatively, Defendant seeks permission to file its own surrebuttal brief to address the "flagrantly incorrect" information.

Because oral argument may aid the Court in resolution of this matter, **IT IS ORDERED** that the parties in this case appear for a hearing on Defendant's motion to dismiss on July 27, 2015, at 11:00 a.m., in Courtroom II of the United States Courthouse, Federal Justice Center, at Augusta, Georgia. Because the Court will hear any argument or information relevant to the motion to dismiss at that time, Defendant's motion to strike Plaintiff's sur-reply is **DENIED**.[1] Moreover, because Defendant appears to have addressed the "flagrantly incorrect" information in its surrebuttal brief and will have every opportunity to do so again at the hearing, any request for additional briefing by either party is **DENIED**.

Finally, the parties are reminded that if, on a Rule 12(b)(6) motion, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Matters outside the pleadings may include both statements of counsel at oral argument raising new facts not alleged in the pleadings and "any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said

---

[1] In response to the motion to strike, Plaintiff buttresses his filing of a sur-reply with reference to other cases in this district that have allowed sur-replies. As an aside, the Court agrees that sur-replies are not prohibited by the rules of this Court.

in the pleadings." See Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 948 (8th Cir. 1999) (quoting Gibbs v. Scott, 958 F.2d 814, 816 (8th Cir. 1982), and citing Smith v. Local No. 25, Sheet Metal Workers Internat'l Ass'n, 500 F.2d 741, 744 (5th Cir. 1974) (treating a Rule 12(b)(6) dismissal order as automatically converted into summary judgment because the district court relied on materials outside the pleadings, including oral argument)). That said, courts may consider documents attached to the complaint or central to the plaintiff's case and matters of public record without converting a motion to dismiss into one for summary judgment. Clark v. Bibb Cnty. Bd. of Educ., 174 F. Supp. 1369, 1370-71 (M.D. Ga. 2001) (cited sources omitted). Moreover, with factual attacks on a district court's jurisdiction, such as a challenge to standing, "'the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981)). Indeed, in resolving a factual attack on the court's subject matter jurisdiction, matters outside the pleadings, such as testimony and affidavits, may be considered. Id.

**ORDER ENTERED** at Augusta, Georgia, this 8th day of July, 2015.

_____
UNITED STATES DISTRICT JUDGE

3